UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN TOSH HARTZELL,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>NETHANJAH BREITENBACH, *et al.*,<br>　　　　　　　　　　Respondents. | Case No. 3:24-cv-00028-ART-CLB<br><br>ORDER APPOINTING COUNSEL AND ORDER TO SHOW CAUSE |

*Pro se* Petitioner Shawn Tosh Hartzell has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, submitted a motion for counsel, and paid his filing fee. (ECF Nos. 1-1 ("Petition"), 1-2, 4.) This matter comes before the Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, this Court appoints counsel to represent Hartzell and orders Hartzell to show cause why the Petition should not be dismissed as untimely.

**I.   BACKGROUND**[1]

Hartzell challenges a conviction and sentence imposed by the Tenth Judicial District Court for Churchill County ("state court"). *State of Nevada v. Shawn Tosh Hartzell*, 21-10DC-0944. On April 7, 2022, the state court entered a judgment of conviction, pursuant to an *Alford*[2] plea, for (1) abuse, neglect, or endangerment of a child, and (2) lewdness with a child under the age of 14 years. Hartzell was sentenced to 24 to 60 months for count 1, and 10 years to life for count 2, to run consecutively to count 1. Hartzell appealed on June 2, 2022, but because his notice of appeal was 24 days late, the Nevada Supreme Court

---

[1] The Court takes judicial notice of the Nevada appellate courts' online docket records located at http://caseinfo.nvsupremecourt.us/public/caseSearch.do. Notably, the Tenth Judicial District Court of Nevada for Churchill County does not have online docket records.
[2] *Carolina v. Alford*, 400 U.S. 25 (1970).

1

1  dismissed the appeal on September 26, 2022. Remittitur issued on October 21,
2  2022. Hartzell states that he did not file a state habeas petition. (*See* ECF No. 1-
3  1 at 1.) On January 18, 2024, Hartzell transmitted his instant Petition. (*Id.*)

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, it appears that Hartzell's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on May 9, 2022. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district

court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: May 10, 2022. Accordingly, because Hartzell did not file a state habeas petition to statutorily toll his limitations period, his limitations period expired 1 year later on May 10, 2023. Accordingly, absent another basis for tolling or delayed accrual, Hartzell filed his federal habeas Petition 253 days after the AEDPA limitation period expired. As such, Hartzell must show cause why his Petition should not be dismissed with prejudice as time barred.[3]

This Court now turns to Hartzell's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622,

---

[3] Although Hartzell filed a notice of appeal with the state district court on June 2, 2022, it appears to have been untimely, and, if a petitioner files an untimely appeal, finality occurs on the date the petitioner had to file a timely appeal, not the date the state appellate court dismissed the appeal as untimely. *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2010). Hartzell appears to contend that his notice of direct appeal to the Nevada Supreme Court was not late. (*See* ECF No. 1-1 at 5.) This Court will address this contention, should Hartzell decide to present it, when it reviews Hartzell's response to this Order to show cause.

3

626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Following review of the Petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Hartzell because the Court finds that appointment of counsel is in the interests of justice.

### III. CONCLUSION

It is therefore ordered that the Clerk of Court (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (2) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing, (3) serve the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (4) send a copy of this Order to Hartzell and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Hartzell by filing a notice of appearance or (2) indicate the office's inability to represent Hartzell in these proceedings. Appointed counsel will represent Hartzell in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of a response to this Order to show cause will be set after counsel has entered an appearance.

Dated this 20th day of May 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE