1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAWN TOSH HARTZELL,

                        Petitioner,

   v.

NETHANJAH BREITENBACH, *et al.*,

                   Respondents.

Case No. 3:24-cv-00028-ART-CLB

ORDER

      Petitioner Shawn Tosh Hartzell filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) Following an initial review of the Petition, this Court appointed counsel to represent Hartzell and ordered Hartzell to show cause why the Petition should not be dismissed as untimely. (ECF No. 5.) Hartzell filed a counseled response to the Order to Show Cause, Respondents filed a response, and Hartzell filed a reply. (ECF Nos. 14, 18, 23.) For the reasons discussed below, this Court finds that Hartzell is entitled to equitable tolling, making his Petition timely, and sets a briefing schedule for Hartzell to file a counseled amended petition and/or seek other appropriate relief.

I.    **BACKGROUND**

      On April 7, 2022, the state court entered a judgment of conviction, pursuant to an *Alford*[1] plea, convicting Hartzell of (1) abuse, neglect, or endangerment of a child, and (2) lewdness with a child under the age of 14 years. (ECF No. 15-2.) Hartzell was sentenced to 24 to 60 months for count 1 and 10 years to life for count 2. (*Id.*) Hartzell filed a *pro se* notice of appeal on June 2, 2022. (ECF No. 19-32.) The Nevada Supreme Court dismissed the appeal on September 26, 2022, finding that Hartzell's notice of appeal was filed "24 days after expiration of the 30-day appeal period." (ECF No. 15-4.) Remittitur issued

---

[1] *Carolina v. Alford*, 400 U.S. 25 (1970).

on October 21, 2022. (ECF No. 15-5.) Hartzell did not file a state habeas petition. (*See* ECF No. 1-1 at 1.) On January 18, 2024, Hartzell transmitted his instant Petition to this Court. (*Id.*)

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

## III.    DISCUSSION

Here, Hartzell's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on May 9, 2022. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: May 10, 2022. Accordingly, because Hartzell did not file a state habeas petition to statutorily toll his limitations period, his limitations period

expired 1 year later on May 10, 2023. Accordingly, Hartzell filed his federal habeas Petition 253 days after the AEDPA limitation period expired.

In response to the Order to Show Cause, Hartzell does not dispute this Court's calculation of his AEDPA limitation period; rather, Hartzell contends that he is entitled to 253 days of equitable tolling due to (1) his counsel's failure to file a notice of appeal, and/or (2) his substantial learning disability and lack of knowledge of the criminal justice system. (ECF No. 14.)

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (expressly rejecting stop-clock approach for evaluating when petitioner must be diligent). To satisfy the second element, a petitioner must show that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017). In other words, a petitioner must show "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted).

Turning first to Hartzell's argument that his trial counsel's abandonment amounted to an extraordinary circumstance, Hartzell explains that he instructed his counsel to file a notice of appeal after his sentencing hearing but his trial counsel failed to do so.  (ECF No. 14.) Under Nevada law, trial counsel has a duty to file a direct appeal if "the client expresses a desire to appeal or indicates

dissatisfaction with the conviction." *Cantrell v. State*, 367 P.3d 755 (Nev. 2010). Hartzell's trial counsel's failures to fulfil this duty prompted Hartzell to file a *pro se* notice of appeal. Unfortunately, Hartzell's *pro se* notice of appeal was not mailed until May 31, 2022, even though he handed to an inmate in the law library for mailing on May 5, 2022. (ECF No. 14.) This resulted in the Nevada Supreme Court dismissing Hartzell's appeal as untimely by 24 days on September 26, 2022. (ECF No. 15-4.) Not only did Hartzell's trial counsel fail to file a direct appeal on his behalf, which would have extended the starting of his AEDPA statute of limitations, but his trial counsel's failures continued when he did not file, assist, or even inform Hartzell of the need to timely file a state habeas petition, which would have statutorily tolled Hartzell's AEDPA statute of limitations.

Hartzell's trial counsel's representation continued until February 6, 2024, when Hartzell's trial counsel filed a notice of withdrawal. (ECF No. 19-40.) There is no evidence in the record that Hartzell's trial counsel, who had been retained by Hartzell, took any action on Hartzell's case or communicated with Hartzell from the date of Hartzell's sentencing hearing on April 5, 2022, until the filing of his notice to withdraw on February 6, 2024. Further, it was not until February 6, 2024, that Hartzell's trial counsel provided Hartzell with his file, enabling him to pursue relief on his own. (ECF No. 19-41 at 2.) This Court finds that these actions were sufficiently egregious to amount to attorney abandonment which caused Hartzell's delayed filing in this action. *See Holland v. Florida*, 560 U.S. 631 (2010); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015); *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014); *Perez v. Reubart*, No. 22-15279, 2025 WL 2473006 (9th Cir. Aug. 28, 2025).

Turning next to Hartzell's argument that he was diligent, regarding pre-obstacle diligence, Hartzell attempted to timely filed a *pro se* notice of appeal on May 5, 2022, just 28 days after his judgment of conviction was entered. (*See* ECF

Nos. 15-2, 19-32.) Thus, prior to the extraordinary circumstance of Hartzell's trial counsel's abandonment, which made itself clear on May 7, 2022, with his trial counsel's failure to file a timely direct appeal, Hartzell acted diligently. Then, following the dismissal of his direct appeal on September 26, 2022, Hartzell continued to act diligently by seeking out the help of an inmate law clerk, Daniel Riggs, to assist him with the filing of his federal habeas petition as soon as he was transferred to Lovelock Correctional Center.[2] (*See* ECF No. 15-7.) For six months, from July 2023, until January 2024, Riggs prepared Hartzell's Petition. (*See* ECF No. 1-1 at 13 (noting that Riggs was the "person who wrote th[e] complaint").) This six-month time frame to prepare Hartzell's habeas petition amounts to reasonable diligence under the circumstances, including (1) the fact that Hartzell's trial counsel had not yet provided Hartzell with his legal file, (2) the fact that Hartzell has a documented learning disability[3] (*see* ECF No. 15-1) making his reliance on Riggs essential, and (3) Riggs was simultaneously providing legal assistance to other inmates.[4]

---

[2] Notably, between September 2022 and July 2023, Hartzell was housed at Northern Nevada Correctional Center, where he was a target to other inmates due to the nature of his convictions. (*See* ECF No. 15-6.) It was not until Hartzell was transferred to Lovelock Correctional Center, where Nevada's inmates serving sentences for sexual offenses are generally held, that he was safe from fear of harm to seek assistance for his habeas petition, which necessarily carried with it a discussion of his convictions, unlike the filing of his generic, boilerplate notice of direct appeal.

[3] According to Hartzell's records from the Mt. Diablo Unified School District in Concord, California, Hartzell had an individualized educational plan ("IEP") in middle and high school. (ECF No. 15-1 at 7-18.) The 1985 IEP stated that his "eligible handicapping condition" was "auditory & processing and visual motor integration," and provided for "resource help up to 675 minutes per week" and "need[ing] help in study skills, written language and math."(*Id.* at 9.) In various assessment tests in 1985, he scored in the single digit percentiles in math and spelling. (*Id.*) Testing on "competency assessment" in computation, reading, and writing show that in Grades 5 and 7 he received a "fail" in all categories; and in Grades 9 and 12 he received a "fail" in writing. (*Id.* at 28.)

[4] There is no need to discuss post-obstacle diligence given that Hartzell's trial counsel's abandonment ended after Hartzell filed his federal habeas petition.

Accordingly, Hartzell's federal statute of limitations was equitably tolled from his sentencing hearing on April 5, 2022, when his attorney abandonment began, until February 6, 2024, when his trial counsel withdrew. Because Hartzell commenced this instant action on January 18, 2024, the Court finds that Hartzell's Petition is timely.

**IV.    CONCLUSION**

It is therefore ordered Hartzell shall have up to and including 90 days from entry of this Order within which to file a counseled amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Hartzell remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition and that Hartzell may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion to dismiss, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to

1    address any procedural defenses raised herein either in seriatum fashion in

2    multiple successive motions to dismiss or embedded in the answer. Procedural

3    defenses omitted from such motion to dismiss will be subject to potential

4    waiver. Respondents shall not file a response in this case that consolidates their

5    procedural defenses, if any, with their response on the merits, except pursuant

6    to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

7    Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they

8    shall do so within the single motion to dismiss not in the answer; and (b) they

9    shall specifically direct their argument to the standard for dismissal under §

10   2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In

11   short, no procedural defenses, including exhaustion, shall be included with the

12   merits in an answer. All procedural defenses, including exhaustion, instead must

13   be raised by motion to dismiss.

14          It is further ordered that, in any answer filed on the merits, Respondents

15   shall specifically cite to and address the applicable state court written decision

16   and state court record materials, if any, regarding each claim within the response

17   as to that claim.

18          It is further ordered that any state court record and related exhibits filed

19   herein by either Hartzell or Respondents shall be filed with a separate index of

20   exhibits identifying the exhibits by number. The CM/ECF attachments that are

21   filed further shall be identified by the number or numbers of the exhibits in the

22   attachment. If the exhibits filed will span more than one ECF Number in the

23   record, the first document under each successive ECF Number shall be either

24   another copy of the index, a volume cover page, or some other document serving

25   as a filler, so that each exhibit under the ECF Number thereafter will be listed

26   under an attachment number (i.e., Attachment 1, 2, etc.).

27          It is further ordered that courtesy copies of exhibits shall not be provided.

28

DATED THIS 5th day of September 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE